IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 11-cv-02274-PAB-BNB

KFORCE INC.,

    Plaintiff,

v.

EVERETT COSTA,

    Defendant.

---

**ORDER**

---

This matter is before the Court on defendant's motion to dismiss for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) [Docket No. 21]. Plaintiff filed a response [Docket No. 28]. Defendant still has time left to file a reply. However, defendant has since joined a motion seeking court action, thereby invoking the Court's jurisdiction. Therefore, the Court finds that the motion to dismiss is ripe for disposition.[1] *See* D.C.COLO.LCivR 7.1C (court may rule "on a motion at any time after it is filed").

Absent an assurance that jurisdiction exists, a court may not proceed in a case. *See Cunningham v. BHP Petroleum Great Britain PLC*, 427 F.3d 1238, 1245 (10th Cir. 2005). It is well established that "[t]he party invoking federal jurisdiction bears the burden of establishing such jurisdiction as a threshold matter." *Radil v. Sanborn W. Camps, Inc.*, 384 F.3d 1220, 1224 (10th Cir. 2004). Plaintiff invokes 28 U.S.C.

---

[1] The Court further notes that "[s]ubject matter jurisdiction cannot be conferred or waived by consent, estoppel, or failure to challenge jurisdiction early in the proceedings." *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995).

§ 1332(a)(1) as the basis for this Court's diversity jurisdiction. Section 1332(a)(1) states: "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."

Defendant asserts that the complaint's allegations regarding the amount in controversy are too speculative to support jurisdiction. In its complaint, plaintiff alleges that the amount in controversy exceeds $75,000.00. *See* Docket No. 1 at 2. "The rule governing dismissal for want of jurisdiction in federal court is that, unless the law provides otherwise, the amount claimed by the plaintiff controls if the claim is apparently made in good faith." *Adams v. Reliance Standard Life Ins. Co.*, 225 F.3d 1179, 1183 (10th Cir. 2000) (citing *St. Paul Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938)); see *Woodmen of the World Life Ins. Society v. Manganaro*, 342 F.3d 1213, 1216 (10th Cir. 2003) ("There is a strong presumption favoring the amount alleged by the plaintiff."). Plaintiff bears the burden of showing that "it is not legally certain that the claim is less than the jurisdictional amount." *Woodmen*, 342 F.3d at 1216. "Generally, dismissal under the legal certainty standard will be warranted only when a contract limits the possible recovery, when the law limits the amount recoverable, or when there is an obvious abuse of federal court jurisdiction." *Id.* at 1217 (citation omitted). None of those situations apply here, and the Court finds no other basis to believe that the amount in controversy here is legally certain not to exceed $75,000.00.

Therefore, it is

**ORDERED** that defendant's motion to dismiss for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) [Docket No. 21] is DENIED.

DATED November 15, 2011.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge