IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 11-cv-02274-PAB-BNB

KFORCE INC.,

    Plaintiff,

v.

EVERETT COSTA,

    Defendant.

---

**ORDER**

---

This matter is before the Court on the Stipulated Motion for Entry of Stipulated Injunction [Docket No. 35] filed by plaintiff Kforce, Inc. ("Kforce") and defendant Everett Costa ("Costa"). The parties inform the Court that they have settled this matter pursuant to the terms of the Stipulated Injunction [Docket No. 35-1], which "fully resolves the Parties' dispute." Docket No. 35 at 1-2. The parties agree to the following:

    A. Costa has returned any Kforce items in his possession to Kforce, through its counsel, including any hard copies of any documents containing, regarding, or referring to Kforce's confidential, proprietary, or trade secret information in his possession, custody, or control, and the receipt of the information referenced is acknowledged by Kforce;

    B. On November 22, 2011, Costa surrendered his computer to a forensic consultant who permanently deleted all electronically stored information and copies containing, regarding, or referring to Kforce's confidential, proprietary, and trade secret information that was on Costa's computer and each party will pay for one half of the cost of the forensic consultant's services;

    C. Costa has forwarded Kforce's confidential, proprietary and trade secret information to his SofTec email address, however, Softec has deleted those emails from its computer system, and SofTec has not and will not use those emails or allow Costa or any other SofTec employee or consultant to use any of

      the Kforce information Costa emailed to his SofTec email account;

      D. Kforce and Costa expressly waive any right to a hearing in connection with the Court's entry of this Injunction, and Kforce and Costa hereby expressly waive any right to appeal from the Court's entry of this Injunction and each party shall pay their own fees and costs associated with this above-referenced action; and

      E. For purposes of this Injunction, Kforce's confidential, proprietary, and trade secret information includes without limitation: (a) actual or prospective applicant, employment candidate, employee or consultant lists; (b) actual or prospective applicant, employment candidate, employee or consultant qualifications, and contact information including but not limited to the documents and information Costa forwarded to his personal email address prior to his resignation from Kforce; (c) actual or prospective applicant, employment candidate, employee or consultant compensation and benefits; (d) client or prospective client lists and client or prospective client contact information (including but not limited to, contact persons, and hiring managers); (e) client job openings and job orders and client pricing information; (f) other client, applicant, employment candidate, employee or consultant data or information; (g) all information maintained in Kforce's Recruitmax database; and (h) all Kforce information e-mailed to Costa's personal email address from Kforce's system between August 2 and 9, 2011.

Pursuant to these stipulations, the parties request that the Court enter a final injunction.

One proposed provision of Stipulated Injunction provides that "[v]iolation of any terms of this Injunction shall be punishable through the Court's contempt powers and other inherent powers," and that the "Court shall retain jurisdiction of this case for purposes of enforcing this Injunction until August 31, 2012."  Docket No. 35-1 at 4, ¶ 6. There is no need to both incorporate the terms of the Stipulated Injunction into the order and separately retain jurisdiction.  The Court retains jurisdiction to enforce its own orders.  *Cf. Floyd v. Ortiz*, 300 F.3d 1223, 1226 n.3 (10th Cir. 2002) ("[A] district court can retain jurisdiction over a settlement agreement if the order of dismissal shows an intent to retain jurisdiction *or* incorporates the settlement agreement.") (citation and quotation marks omitted, emphasis added).  Furthermore, it is unnecessary to expressly reference the potential consequences of violating a court order, as parties are subject

to such consequences regardless of whether they are referenced within an order. With these exceptions, the Court will issue a final injunction pursuant to the parties' terms and, therefore, it is

**ORDERED** that the Stipulated Motion for Entry of Stipulated Injunction [Docket No. 35] is GRANTED. It is further

**ORDERED** that the Stipulated Motion for Entry of Stipulated Injunction [Docket No. 31] is denied as moot. It is further

**ORDERED** as follows:

1. Costa and all persons acting in concert with him are restrained and enjoined from directly or indirectly using, publishing, disclosing, or profiting from, or authorizing anyone to use, publish, disclose, or profit from Kforce's confidential information and trade secrets, as defined in this Injunction.

2. Costa and all persons acting in concert with him are permanently restrained and enjoined from directly or indirectly assisting other persons, companies, firms and businesses to utilize or profit from Kforce's confidential, proprietary, and trade secret information.

3. Costa is enjoined until August 10, 2012 from directly soliciting, recruiting, hiring, or placing on assignment any staff candidate, applicant, temporary employee or consultant with whom Costa had contact while employed by Kforce with the exception of those contacts with whom Costa had an existing relationship prior to joining Kforce as an employee.

4. Costa is enjoined until August 10, 2012 from directly or indirectly soliciting any

of Kforce's core (internal) employees for employment with any other person, company, firm, or business.

5. Costa is enjoined until August 10, 2012 from directly or indirectly soliciting or accepting business that is competitive with Kforce from any client with whom Costa had contact while employed by Kforce with the exception of those contacts with whom Costa had an existing relationship prior to joining Kforce as an employee.

It is further

**ORDERED** that, in accordance with the foregoing, final judgment shall enter and this case shall be closed in its entirety.

DATED December 20, 2011.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge